IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YUSUFU DANMOLA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-791-P |
| | § | (consolidated with No. 4:18-CV-650-P) |
| | § | (NO. 4:16-CR-222-Y) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Yusufu Danmola ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record in the underlying criminal case, No. 4:16-CR-222-Y, and applicable authorities, finds that the motion should be denied.

BACKGROUND

The record in the underlying criminal case reflects the following:

On September 14, 2016, movant was named in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 3. On September 16, 2016, the court entered a plea of not guilty on movant's behalf and set the case for trial. CR Docs. 11, 12. Movant explained that he had represented himself before and wished to do so again. CR Doc. 172 at 4. As he explained, he had "tried this bit before," that is, saying that he was "the secured party answering for the fiction," and that it had worked out pretty well for him. Id. at 3-4. From the beginning, movant filed a series of frivolous motions and documents,

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-222-Y.

referring to the UCC and other irrelevant matters. CR Docs. 15, 16, 20, 21. The court denied his motions and cautioned him about continuing such behavior. CR Doc. 23. Movant was tried by a jury and convicted. CR Doc. 87. He was sentenced to a term of imprisonment of 115 months. CR Doc. 138. He appealed. CR Doc. 125. However, after the opening briefs were filed, he dismissed the appeal. United States v. Danmola, No. 17-10521 (5th Cir. Apr. 16, 2018); CR Doc. 163.

## § 2255 MOTION

On July 25, 2018, movant filed a document titled "Motion to Void Order and Judgment," CR Doc. 167, which the court interpreted as a motion under § 2255 and ordered filed under Civil No. 4:18-CV-650-Y. The court gave movant the opportunity to withdraw the motion or, if he wished to proceed, to file his motion using the proper form. No. 4:18-CV-650-Y, Doc.[2] 2. On September 21, 2018, movant submitted his form § 2255 motion as instructed, but the clerk filed the motion under a new case number, No. 4:18-CV-791-Y. The court issued instructions to the parties and further filings have been made under the new case number. On November 16, 2018, movant filed another form § 2255 motion, which was docketed as an amended motion. No. 4:18-CV-791-Y. The cases were ultimately transferred to the docket of the undersigned, who ordered that they be consolidated (as reflected in the caption above). No. 4:18-CV-791-P, Doc. 33.

Movant raises grounds[3] worded as follows:

**GROUND ONE:** Forcing jury to judge case in violation of 2nd, 10th, and 14th Amendment

Doc. 1 at PageID[4] 4.

**GROUND TWO:** Enforcing a case with no victim

---

[2] The "Doc. __" reference is to the number of the item on the docket of the referenced civil case.
[3] Arguably, the November 16 document amended and replaced in its entirety the September 21 document.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page number on the form used is not the actual page number.

2

Id. at PageID 5.

**GROUND THREE:** Lack of jurisdiction of subject matter

Id. at PageID 6.

**GROUND FOUR:** Conviction in violation of voir dire motion

Id. at PageID 8.

**GROUND FIVE:** Unlawfully convicted upon being held harmless

Id. at PageID 13.

**GROUND SIX:** Conviction due to unfair trial

Id. at PageID 14.

**GROUND SEVEN:** Reversible error

Id. at PageID 15.

**SUPPLEMENTAL GROUND:** Motion to void order and judgment

Doc. 12 at PageID 43.

STANDARDS OF REVIEW

**28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## ANALYSIS

As the government points out, a § 2255 proceeding may not do service for an appeal. Shaid, 937 F.2d at 231. All of movant's grounds could and should have been raised on appeal. Movant voluntarily dismissed his appeal and now appears to argue that the appeal should not have been dismissed because he did not receive the relief he wanted, i.e., to be released from custody. Doc. 24 at 1-2. However, whether movant's appeal should have been reinstated is not a matter for this court to decide. He has not shown cause to overcome his default and proceed with his claims. Shaid, 937 F.2d at 232. But, even if movant could overcome the procedural bar, none of his claims has any merit.

In support of his first ground, movant mentions the Second, Tenth, and Fourteenth Amendments, arguing that the jury had "to know the Constitution" in order to convict him. Doc. 1 at PageID 4. In his third ground, he says that the court lacked subject matter jurisdiction, mentioning equal protection and privileges and immunities. Id. at PageID 6. And, the

4

supplemental ground, relying on the "Motion to Void Order and Final Judgment," also refers to the Constitution.[5] Doc. 12. Movant does not cogently present any of his arguments. To the extent he maintains that the statute under which he was convicted violates the Constitution, he is wrong. See District of Columbia v. Heller, 554 U.S. 570, 626-27 & n.6 (2008); United States v. Darrington, 351 F.3d 632, 633-34 (5th Cir. 2003).

In support of his second and fifth grounds, movant refers to the Uniform Commercial Code. Doc. 1 at PageID 5, PageID 13. The arguments are frivolous and to no avail. See United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1991). The court has original and exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231.

In support of his fourth ground, movant argues that the prosecutor violated a voir dire motion by arguing that the government did not have to prove that movant's fingerprints were on the gun in order to convict him. Doc. 1 at PageID 8. He refers to a motion that was "entered" but "never denied." Id. Movant filed a plethora of pretrial motions and the court cannot determine which one he refers to. As best the court can tell, there was no order that was violated. But, in any event, movant has not explained how the violation of such order could constitute a ground that would entitle him to relief here. Again, the argument is frivolous.

In support of his sixth ground, movant argues that he had an unfair trial because he was denied an investigator. Doc. 1 at PageID 14. This ground does not raise a constitutional issue. Moreover, it is frivolous. Movant has made no attempt to show that he demonstrated with specificity why the services of an investigator were necessary. United States v. Gadison, 8 F.3d

---

[5] The document is largely gibberish and does not state any plausible ground for relief.

186, 191 (5th Cir. 1993). The record reflects that movant's motion was denied for this very reason. CR Doc. 63 (referring to CR Doc. 52).

In support of his seventh ground, movant argues that he did not understand the nature and course of proceedings against him. Doc. 1 at PageID 15. The allegation is specious. The record reflects that movant knew well what was happening and chose to proceed as he did based on his earlier success with that ploy. CR Doc. 172 at 3-4. See Doc. 19 at 11-14.

Long after the government filed its response and movant filed his reply, movant filed additional documents titled "Writ of Habeas Corpus ad Subjiciendrum [sic]," Doc. 31, "Writ of Habeas Corpus for Evidentiary Hearing," Doc. 32, and "Writ of Permanent Injunction." Doc. 34. In addition, under Case No. 4:18-CV-650-P, he filed a document titled "Addendum." Doc. 10. To the extent any of these documents was intended to assert additional grounds for relief, they come too late. Movant failed to seek leave to amend. See United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). Even if he had, leave would not have been granted to file frivolous papers.

ORDER

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 19, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE